IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IRVING H. BENNION, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-614-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court in the above-entitled action is Defendant United States' motion to dismiss Plaintiff Irving Bennion's premises liability cause. The United States contends that Bennion has not exhausted his administrative remedies as required by the Federal Tort Claims Act.

**Background**

Bennion seeks damages under the Federal Tort Claims Act for injuries allegedly sustained in the steam room at the Coeur d'Alene Tribal Wellness Center on December 12, 2002. Bennion puts forth two causes of action: medical negligence by Dan Smith, and premises liability by the United States.[1]

Bennion timely filed an administrative tort claim in accordance with 28 U.S.C. § 2675. That complaint stated the basis of his claim: "IHS [Indian Health Service] employee Dan Smith permitted Irving Bennion to use a steam room without supervising, when he knew or should have known the steam room was too hot and Bennion was at risk for fainting. Mr. Bennion fainted and was severely burned."

---

[1] The United States, and not the Coeur d'Alene Tribe, is the defendant in this action pursuant to the Federal Tort Claims Act. Under the Federal Tort Claims Act, the United States is liable for the tortious acts committed by employees of the United States, which includes employees of any federal agency. 28 U.S.C. § 2671; 28 U.S.C. § 2674. Bennion's injury occurred at the Coeur d'Alene Tribal Wellness Center, which is controlled by the Indian Health Service. The Indian Health Service is an agency of the Public Health Service. 25 U.S.C. § 1661. Therefore, the United States is liable for the tortious conduct of the employees of that agency.

MEMORANDUM ORDER - Page 1
06ORDERS\BENNIONWPD

**Standard of Review**

The claim requirement of 28 U.S.C. § 2675 is jurisdictional in nature, so any claims that do not meet that requirement must be dismissed. Jerves v. United States, 966 F.2d 517, 519 (9th 1992). The burden of establishing federal subject matter jurisdiction rests with the party invoking that jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Where a defendant's motion to dismiss for lack of subject matter jurisdiction is based on a matter of law, the court must take the allegations in the plaintiff's complaint as true. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).

**Discussion**

Under the Federal Tort Claims Act, the United States waives its sovereign immunity for a tort claim only if the claimant first presented the claim to the appropriate Federal agency and that claim was denied by that agency or a final disposition of that claim was not made within six months after it was filed. 28 U.S.C. § 2675(a). The Ninth Circuit Court of Appeals has determined that Congress has two purposes for enacting this requirement. Shipek v. United States, 752 F.2d 1352, 1354 (9th Cir. 1985). First, Congress wanted to "ease court congestion and avoid unnecessary litigation" by allowing the government to expedite the settlement of the claims. Id. (quoting S.Rep. No. 1327, 89th Cong., 2d Sess. (S.Rep.2)). Second, Congress wanted to provide fair treatment to private individuals and claimants when they are involved in litigation with their government. Id.

The Ninth Circuit has held that these purposes are met when (1) a claimant gives an agency sufficient notice to commence the investigation, and (2) the claimant places a value on the claim. Shipek, 752 F.2d at 1354. The Ninth Circuit further held that only minimal notice is required. Id. Specifically, every theory of recovery does not have to be raised in the administrative claim as long as the theory of recovery arises out of the facts described in the administrative claim. Id. at 1354–56. The issue in this case is whether Bennion's administrative claim provided the government sufficient notice to commence an investigation into the facts underlying a premises liability cause of action.

The United States argues the administrative claim was insufficient to provide notice because the claim did not expressly assert a premises liability claim. It further argues that the government was not put on notice that a premises liability cause of action could be raised because the claim alleged that only Dan Smith was at fault for the defendant's injuries. According to the United States, the government would not know that the knowledge and action of all the Wellness Center employees was at issue. Bennion argues that the government was put on notice because the administrative complaint alleged that the steam room was too hot, which should have been sufficient to put the agency on notice that it should investigate the premises to determine if the steam room was a dangerous condition.

The Ninth Circuit has held that the government is not put on notice if the failure to make a certain claim would preclude the possibility of settlement. Johnson v. United States, 704 F.2d 1431, 1442 (9th Cir. 1983). In that case, the loss of consortium cause of action was properly dismissed because only the husband was named as the claimant and the mere mention of the wife's name was not sufficient to notify the government that the wife would later make a claim. Id. Because the administrative claim failed to mention the loss consortium claim or mention the wife as a claimant, the claim could not have been administratively settled. Id. Here, Bennion has only raised claims in his own name and the government knew that he was a claimant, so Johnson is inapplicable.

The United States also cites both Langley v. United States, 182 F.Supp.2d 996 (D.Haw. 2002), and Deloria v. Veterans Administration, 927 F.2d 1009 (7th Cir. 1991), where the courts determined that an administrative claim was insufficient to put the government on notice because the cause of actions arose from different facts than those put forth in the administrative claim. In Langley, the plaintiff's administrative claim stated that her injury was caused by the stair's state of disrepair, but her later cause of action was that the injury was caused by the stair's design defect. 182 F.Supp.2d at 1001. The court held that the government was not put on notice that it had to investigate the broader issue of the design defect, so it was unable to properly assess its liability and settle the claim prior to litigation. Id. The claim that she tripped over a metal strip was not based on the same set of facts as a claim that she tripped because the lengths of the stair were uneven, so

the government was improperly notified and her administrative remedies were not properly exhausted.  Id.

Similarly in Deloria, the plaintiff's negligence and medical malpractice causes of action were properly dismissed because they were based on incidents that were "wholly distinct" from the claims made in the administrative claims.  927 F.2d at 1012.  In his administrative claim, the plaintiff had alleged that the employees had altered his medical records, which was based on a set of facts completely different than those related to negligence or medical malpractice causes of action that he raised in district court.  Id. at 1012–13.  Because the claims were based on a different set of facts, the administrative claim did not give proper notice and the government could not investigate the proper facts and settle the matter.  Id.

In contrast the Ninth Circuit held in Rooney v. United States, 634 F.2d 1238 (9th Cir. 1980), that the government was given proper notice of a negligence action related to a fall when in his administrative claim the plaintiff merely mentioned the fall as the cause of his initial injury.  In that case, the plaintiff's administrative claim was based upon the medical treatment subsequent to the fall, but the factual statement in his claim mentioned that his injury resulted from a fall.  Id.  The court determined that the administrative claim was sufficient because it notified the government of the date and place of the fall and that his injuries resulted from both the fall and the subsequent medical treatment.  Id.  Because the plaintiff mentioned that he was injured by the fall, the administrative claim broadly put the government on notice for causes of action related to that fall.  Id.

Similar to Rooney, here, the government was placed on notice of a potential premises liability cause of action when Bennion claimed that Smith "knew or should have known that steam room was too hot . . . ."  Based on this claim, the government was on notice that they needed to investigate whether the steam room was in fact too hot.  The premises liability claim is not based upon a new set of facts because the government would have to investigate whether the room was too hot for both the medical negligence cause of action and the premises liability cause of action.

This situation is not similar to Langley because Bennion maintained the same cause of the injury. Bennion claimed that his injuries resulted from fainting and landing near the steam vent in a steam room that was "too hot." So even though his theory of recovery changed, the source of the injury remained the same.

This case is not analogous to Deloria for the same reasons. In Deloria, the administrative claim did not give rise to an investigation into the treatment of the plaintiff because the claim was only that the personnel altered his medical records. Here, the administrative claim would give rise to an investigation into the temperature of the steam room to determine if Smith was negligent.

In this case, the government could have fully settled Bennion's claims based on the administrative claim because the claim laid out the time, place, cause, and manner of the injury along with the amount of the claim. Based on the information regarding the injury and the cause of the injury included in the administrative claim, the government had sufficient notice of the premises liability cause of action.

## Order

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that Defendant's Motion to Dismiss the claim of premises liability (docket no. 14) is **DENIED**.

DATED: **June 7, 2006**

Honorable Edward J. Lodge
U. S. District Judge