IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IRVING H. BENNION, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-614-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court in the above-entitled matter is Plaintiff's Motion for Reconsideration/New Trial (Docket No. 48). The Defendant filed its response on January 5, 2007. No reply was filed by Plaintiff. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). Pursuant to Rule 59(e), a motion for reconsideration must be filed within ten (10) days of the court's order.

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge. Illinois Central Gulf Railroad Company v. Tabor Grain Company, 488 F. Supp. 110, 122 (N.D. Ill. 1980) (a rehash of the arguments previously presented affords no basis for a revision of the court's order).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [s]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly.").

This Court entered an order dismissing the case on December 18, 2006 (Docket No. 45). The dismissal was based in part on Plaintiff's failure to properly disclose an expert witness to testify to the alleged medical malpractice on behalf of the physical therapist, Mr. Dan Smith. Plaintiff filed the motion for reconsideration arguing Plaintiff should be allowed to establish malpractice based on the admissions of Dan Smith that he committed malpractice. Therefore, the Court presumes Plaintiff is arguing there is a "need to correct clear or manifest error in law or fact, to prevent manifest injustice."

Plaintiff deposed Mr. Smith on or about March 8, 2006. Plaintiff filed excerpts of Mr. Smith's deposition as well as Plaintiff's deposition with his motion for reconsideration (Docket No. 49). In reviewing the excerpts, the Court finds Mr. Smith did not admit that he committed malpractice in his deposition:

> Q. Did Mr. Bennion ask you anything about using the steam room?
>
> A. No.

P. 21, line 21-23.

> Q. Had Mr. Bennion asked you whether you would recommend him using the steam room on this occasion, would you have offered him an opinion one way or another?
>
> A. I would have told him that he needed to check with his physician before participating in the steam room, sauna or hot tub.

>Q. Did you say anything to him when you found him in the steam room to suggest that he ought to leave?
>
>A. No.

P. 30, lines 3 - 11.

>Mr. Bennion's deposition was taken on or about November 29, 2005:
>
>Q. So describe to me what happened then.
>
>A. That day on the 12th?
>
>Q. Yes.
>
>A. Well, as we were getting out I asked Dan if it was all right if I use – if I went into the sauna. As I recall, I had not been going to the sauna and I didn't – the pool was warm. This was kind of new – kind of a experience for me to go to the sauna after I had been in the warm pool.
>. . .

P. 13-14, lines 21-25; 1-4.

>Q. So you asked him and he said what?
>
>A. He said yes.

P. 15, lines 6-7.

Plaintiff argues the above deposition testimony establishes it would have been malpractice to allow Mr. Bennion to use the steam room. The Court respectfully disagrees with this interpretation of the deposition testimony. Mr. Smith was never asked if it would violate the standard of care if he let Mr. Bennion use the steam room. Mr. Smith testified he was not asked about using the steam room and if he had been asked he would have told Mr. Bennion to consult with his doctor about using the steam room. Nothing in Mr. Smith's deposition indicates he admits to having violated the applicable standard of care. Mr. Smith does not testify as to the applicable standard of care for a patient's use of a steam room, only that he would have advised Mr. Bennion to consult his doctor.

Since Mr. Smith does not admit to violating the standard of care in his deposition, Plaintiff must provide competent expert testimony that Mr. Smith violated the applicable standard of care under Plaintiff's version of the facts that Mr. Smith allowed Mr. Bennion to use the steam room. Mr. Bennion's deposition is factual in nature and Mr. Bennion is not qualified to testify as a medical

MEMORANDUM ORDER - Page 3
07ORDERS\BENNIONWPD

expert that Mr. Smith violated the applicable standard of care when he allowed Mr. Bennion to use the steam room.

Plaintiff argues even if the deposition testimony is "not technically complete," Plaintiff should be allowed to go to trial and examine Mr. Smith as a medical expert who is familiar with the applicable standard of care. Plaintiff argues the expert issue was not raised in a motion for summary judgment, so Plaintiff had no duty to provide anything more than an offer of proof at the pretrial hearing with the Court. Plaintiff has the statutory duty in a medical malpractice case of this nature to establish a breach of the applicable standard of care via expert testimony. See Order (Docket No. 45). Mr. Smith has not admitted a breach of the applicable standard of care in his deposition or that his breach of a duty caused Plaintiff's alleged injuries, therefore Mr. Smith's testimony at trial could not fulfill Plaintiff's statutory obligation of expert testimony to establish the alleged negligence and causation. Idaho Code §§ 6-1012 and 6-1013.

The facts in this case differ significantly from the case were the doctor admitted breaching the applicable standard of care in his deposition. Moreover, in that case cited by Plaintiff where the doctor admitted he made a mistake during surgery, the case was not allowed to go forward as the plaintiff did not have expert testimony to establish the alleged breach of the applicable standard of care. Maxwell v. Women's Clinic, .S., 102 Idaho 53, 625 P.2d 407 (1981). This Court finds based on the record in this case, there no reason to excuse Plaintiff of his statutory burdens in this malpractice case and since Plaintiff cannot satisfy his statutory burdens even with Mr. Smith testimony, the case must be dismissed.

Being fully asdvised in the premises, the Court hereby orders that the Plaintiffs motion for reconsideration/new trial (Docket No. 48) is DENIED.

DATED: **March 1, 2007**

Honorable Edward J. Lodge
U. S. District Judge